Okay, the next case on the calendar is United States v. Jazzmin Dailey. And before you get started, we've been given an appellant's motion for leave to supplement the record which attaches the Nevada mandatory conditions and other conditions. Do you have any objection to that? I can't hear what's being said. Oh, pardon me. Let me repeat. During the recess, we were handed an appellant's motion for leave to supplement the record. Yeah, I heard what you said. You couldn't hear if counsel was responding. Yes, counsel for the government is responding now. Your Honor, I'll be very brief. The government has never actually seen this document before. I think it's reflected in the record that the government never does see this document. It's filled out by probation and handed directly to the defendant. So I couldn't stipulate to its admission in the record simply because I don't know anything about its authenticity. It's not a document that typically is entered on the docket or that the government ever sees. Do you object to it being added to the record as a supplement to the record? Not at this time, Your Honor, to the extent that it's relevant. Thank you very much. That's what I wanted to find out. Thank you, Your Honor. Okay. So then there being no objection, we grant the motion. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, my name is Jaya Gupta and I represent Jasmine Daly. I'd like to speak up a little higher. My name is Jaya Gupta and I represent Jasmine Daly, who is the appellant and the defendant in this case. And with the Court's permission, I'd like to reserve about three minutes for rebuttal and I'll keep an eye on my time. Your Honors, the district court rendered an illegal sentence in this case when it forced Ms. Daly to register as a sex offender, even though her offense is not a sex offense, and when it delegated making that determination to — But bringing a minor into the State for the purposes of prostitution is not a sex offense against a minor? Is not a specific offense under 16-911-7? Your Honor, Ms. Daly was convicted of violating the Travel Act, and under the terms of her plea agreement, she admitted to facilitating the management, promotion, establishment, or carrying on of prostitution. But she didn't actually bring her — she — we would submit that it's not a sex offense because it doesn't have an element of either sexual conduct or sexual — Prostitution doesn't have an element of sexual conduct? Prostitution does, but she was not convicted of prostituting Ms. — the victim. She plead — pleaded guilty to transporting a woman for the purpose of prostitution. That woman was underage. Correct. Not a sexual offense? We would submit that it's not a sexual offense based on a categorical reading of the residual clause in SORNA. And why is it not a sexual offense? It's not a sexual offense because the Travel Act categorically does not contain an element that the offense be committed against a minor. And a categorical reading of the residual clause must control here because of Chevron deference to the Attorney General's guidelines that it issued pursuant to a valid exercise by Congress. Before we get to Chevron deference, don't we have to take into consideration the Supreme Court's recent ruling in Kaiser in which it said that we have to use all the toolkits of statutory construction to determine whether there is indeed an ambiguity before we go to Chevron, right? And using all the toolkit of statutory construction here, can't we find that bringing a minor across state line for purposes of prostitution is a sexual offense against a minor? Your Honor, I would submit that the Court did that in B.U. It used the tools of statutory construction to determine whether or not there was an ambiguity. And using those tools, it did still find that the statute was ambiguous. And because there is an ambiguity and because Congress has expressly delegated the responsibility No, no, but Bayan didn't say there was an ambiguity in the statute. Bayan said that Congress likely intended a fact-specific approach to determining whether the offender is required to register under SORNA, although there is a modicum of ambiguity, all right? But in Bayan, there was no Chevron deference accorded because Judge Berzon found that she could interpret the statute adequately without Chevron deference. So the tagline, modicum of ambiguity, may be an indication of the thoroughness of the writing judge to consider all the arguments, but it is certainly not a required element of the decision, is it? Your Honor, Judge Berzon, I would submit, did not consider the SMART guidelines because they were issued after that opinion was filed. Well, she didn't consider the guidelines because she didn't find an ambiguity. You don't have to consider administrative guidelines if there's no ambiguity. But she did find that there was a modicum of ambiguity. But the best reading, she said, she did say there was a modicum of ambiguity, but that modicum of ambiguity, whatever the modicum was, was not sufficient for her not to be able to interpret the statute based with her canons of statutory interpretation. And she found that Congress likely, more likely than not, intended a fact-specific approach to determining whether the offender is required to register under SORNA. But under, Your Honor, but under Brand X Internet Services, because the court found that there was ambiguity. No, it didn't find it. It said it. It said that there was ambiguity. It said it. And it was a throwaway line because it wasn't part of its decision in any way. Your Honor, we would, I read the case differently. I think that it does, if fine. Because if it did find ambiguity and it did find Chevron applied, it would have applied some deference to administrative determinations. But your position is that there wasn't any guideline at that point. There was no guidelines at that point. So there was nothing for the court to consider other than trying to construe the statute itself pursuant to the canons of statutory construction and come to its best reading of the statute. And under Brand X, the court has to defer to an agency's interpretation if it conflicts with the court's prior decision, if it meets the requirements of Chevron and of Meade. Judge Gould, can I interject a question? Am I correct that a couple of other circuits have looked at the statute and held that it's not ambiguous? Yes, your Honor. Other circuits have concluded that it's not ambiguous and have refused to give Chevron deference. So if we were to say that Judge Berzon's clause about a modicum of ambiguity or some other language in her opinion that didn't impel the decision that was made in that case was a holding of the court that binds our panel, we'd be creating a circuit split, right? Yes, your Honor. If this court adopted a categorical approach to the residual clause, it would be creating a circuit split. I would add that not all circuits have considered the issue, but the circuits that have have found in favor of a circumstance-specific approach. So let me ask you another question, and that is apart from the technical issue that's being argued about what buy-in means or what brand X means, in terms of the reality of this case, if she goes out after our appeal is done and we say there's no need to register, does that put at risk young girls in the neighborhood that she's living in? Your Honor, based on the realities of this case, I would say no. The court found Ms. Daly's behavior to be aberrant behavior, and that's why it sentenced her to probation. So this was a lapse in judgment, and she's not what the statute was intended to target, which are child predators.  She made a mistake. She has admitted to her offense that she's been convicted, but based on the realities of this case, I would not say that she poses a risk to other underage individuals in the community. Thank you. Thank you, Your Honor. So we have, I think, an absence in the record here of what happened in terms of her registration. I mean, did she actually register with the state? Yes. She did actually register with the state of Arizona. The document that you have now in the record, which is the condition form that she received from probation, it doesn't actually have the condition of SORNA registration check marked off. So there is some confusion as to what happened in the district court when the district court made no explicit finding that she had to register under SORNA, and her condition form doesn't actually have that check marked off, but the judgment does. And as a result of that confusion, in an abundance of caution, she did go register, and the person who informed her that she had to register as a sex offender was, in fact, the local county sheriff in Arizona, where she resides. And so we would argue that that goes to the delegation issue, but that is an improper delegation of power, of Article III power, to a non-elected individual. And as a result, her sentence is also illegal. Can you explain to me what you think was delegated? I'm a little bit confused, like, what the sheriff said. I mean, did the sheriff say, the federal court has ordered you to register, so I'm just here to implement that? Because if so, that doesn't really seem like a delegation. So the court never made any finding that she's a sex offender and never explicitly on the record during sentencing ordered her to register. But there is this judgment form that says that. So is that what the sheriff was using, or what was the sheriff doing? We don't know what the sheriff was using. But as we've alluded to in a reply brief, there is a Department of Justice memo regarding Arizona's compliance with SORNA. And in that memo, it specifically says that the person who decides whether a federal conviction is a registrable sex offense under SORNA is the local county sheriff. And based on that, and based on the lack of findings in the record, we would submit that this was an impermissible delegation. And it wasn't actually the district court when it checkmarked that box finding that she's a sex offender. I don't really understand, I guess, what the sheriff is supposed to do. So your impression is that the sheriff in Arizona is supposed to interpret federal law to decide whether this is categorically or not categorically a sex offense? That is what we believe happened in the court below. Because even though SORNA is a federal duty, compliance with SORNA is a federal duty, even though under 18 U.S.C. 3563, the court must explicitly say that she's subject to a condition of probation requiring her to register under SORNA. There's nothing in the record that shows that the court actually told her that she had to register. And, in fact, there's circumstantial evidence in the record that indicates the opposite. The government made the representation that it could not say one way or another whether or not Ms. Daly had to register, and that if she had to do so, that's something that she and her attorney would have to figure out. And why wouldn't the government say that if registration is a matter of state law? Your Honor, SORNA registration is a federal duty. There's a case law that says that it's a federal duty, and because it's a federal duty... Right, it's a federal duty, but isn't it just a duty to register in a state that requires it? Yes, it is a federal duty to register in the state that requires it. But we would still say, based on Stevens, that whether or not she had to register is something that the court had to determine, and it was not something that an unelected sheriff determines. And why shouldn't we read the checkmark on the mandatory condition on the judgment form as a determination? Because it's not a determination because there's nothing on the record explicitly finding her to be a sex offender or her travel act conviction to constitute a sex offense. Well, the pre-sentence report and the colloquy at her sentencing hearing and the district court's announcement of her likely sentence all mentioned that she would have to register, right? I would say that it's ambiguous. The PSR does reference registration, but during sentencing, the only thing that the court said was her conditions may be or will be similar. So are you arguing for remand so the resentencing, so the judge can order her to be, to register? Is that what your position is? We would ask this court to remand and to vacate the condition and to remand for the district court to make the determination whether or not she actually has to register and whether her offense is actually a sex offense under SORNA. Well, it seems like your categorical approach argument would ask us to hold that it's not, right? Yes. So this assumes you lose on that first point, and then it's what do we do if you don't, if you, if you, if you lose on the first point, what do we do next? That's what we're discussing, this remand would come in? Well, we would, we would ask for a remand on both points. We would ask that the court find that the categorical approach applies here and to order the district court to, to find that she doesn't have to register under SORNA and to vacate that condition. Maybe I'm confused, but if we, if we agree with you on the categorical approach, would there be anything for the district court to do other than to just vacate any SORNA obligation? Correct. There, there would be nothing else for the district court to do other than to make that determination. So there's no, like, finding that needs no factual determination or anything. It would just be an implementation at that point. Correct. But if you lose on that issue, then you think there should be a remand anyway? There should be a remand anyway because if we lose on the issue, What could she argue on resentencing as to why she shouldn't register? I mean, she could. I mean, categorical approach or nothing, right? It is categorical approach or nothing. Correct. But, I mean, is there some, so you, you did have this argument about notice and, and so, I mean, is there some, it sounds like you're saying there isn't now, but is there something that if she had notice and remand now she could try again to convince the judge not to impose this condition? I mean, only if this court holds that the categorical approach doesn't apply and it is circumstantial despite the SMART guidelines, then it would be a remand to essentially have her, have the district court just checkmark that box again and order her to register. And so, yes, we would concede that there would be nothing else for her to argue other than the categorical approach applies and that she shouldn't have to register. So it seems like the notice argument in your brief sort of is dropping out. Am I understanding that correctly? The notice argument is, it's challenging because she, there's just a lot of confusion in what happened in the court below. And so we submit that she did not get adequate notice that this condition would be imposed based on the government's representation that, that what, that she would have to figure out with her attorney whether she has to register. But if the harm of that is going to be completely determined by the answer to the first question because there either needs to be a vacating of the SORNA obligation or just it's already there and it's correct, it seems like there's nothing we can do about this notice problem now. Correct. There's, the issue would drop out. All right. Thank you very much. Thank you, Your Honor. Go ahead. Thank you, Your Honor. Good morning, Your Honors. Ellie Rohani representing the United States. Your Honors, I think that you've hit it directly on the head. This case comes down to the answering of just one question, which is does Ms. Daly have to register as a sex offender as a matter of law? And the answer to that question is yes. But I want to be clear, the answer to that question is not yes because you should just give deference to this court's decision and buy-in. As Your Honors have noticed in national cable, the government's position is not and has never been that you just give deference to the decision because now it came before the guidelines were put into place. You should give deference to that decision. You should rely on that decision because it was correctly decided. So can you explain, I'm very confused about the government's position because this SMART guideline is written by the Attorney General. It's part of the Department of Justice. And you're here on behalf of the Department of Justice telling us that it is wrong. Why is that? And, Your Honor, I'll begin by explaining a little bit about what the SMART guidelines are. So the SMART guidelines, when you look on Westlaw, is like a 40-page document. And when SORNA was passed, the Attorney General was charged with interpreting a lot of different things with relation to SORNA. And this is just one of the things that was interpreted. Now, I'll note that this Attorney General did not say that the categorical approach applies. Even in the actual condition that Ms. Daly is referencing, they talk about that it has an element which I think suggests a categorical approach. But I'll also note that Chevron deference, and as it sort of stands, never says that the court just abdicates its authority and throws its hands in the air just because there is a guideline. But I understand that. But usually the agency whose regulation it is argues for its own regulation. So this is just a very weird situation. If the DOJ now thinks that this language in the SMART guidelines is wrong, why hasn't it been repealed? Well, and, Your Honor, I think that there has to go through a comment period. And I'll just note that every single court that has considered the issue has said that it's not ambiguous. So we don't really ever get to the question. I agree with you. It's a really weird situation, and it's a real weird world that we live in right now, and for me to be standing here and telling you not to follow what my boss's boss's boss says that you should have done. But the fact of the matter is, if there's no ambiguity, you don't ever get to that question. And I think that that's what's happening here. And I'll just note that every single circuit that has considered this. Pardon me. If there's no ambiguity, why do the SMART guidelines get promulgated? It's because, Your Honor, the SMART guidelines do a lot of different things. It's not just dealing with the ambiguity. For example, the SMART guidelines say that SORNA is retroactive. That has nothing to do with an ambiguity or lack of ambiguity. So the SMART guidelines were promulgated. And when you read this particular section of the SMART guidelines, Your Honor, it goes through each of these subsections of 209-11, and it gives a little bit of a commentary, if you will, on each of them. And it just happens to be that this commentary that adds to the residual clause that Ms. Daly has latched herself onto. But it's exactly about this question, right? So, I mean, the Department of Justice spoke to this question, talked about looking at elements, and now you're here telling us not to look at the elements. Correct, Your Honor. And I'll note that since the guidelines or since the SMART guidelines were promulgated, the Department's position has actually been consistent throughout when we've represented, in each of these cases and each of the other circuits that have considered this, in that if there's no ambiguity, you just simply don't get there. That doesn't mean that the Attorney General shouldn't have promulgated it. He was charged with promulgating guidelines, and that's ultimately what happened. They went through a comment period, and in 2008, those guidelines became effective. But if there's no ambiguity, the guideline, this part of it, is just wrong, right? Because it couldn't say elements if there's no ambiguity that we're not supposed to look at elements. I would agree with you, Your Honor. And to be clear, Your Honor, it's not a matter of repealing it. The fact of the matter is it's a matter of law. It's just not applicable. You don't get to it. So I think that it's sort of an exercise in futility to go in and repeal it, in the sense that every circuit that's considered it has said we're not going to give deference to it. It's not ambiguous. We just don't get there. I think it's not necessarily a good use of resources to go and repeal a single sentence when every court that's considered it has essentially said that there's no ambiguity to give deference to. And, Your Honor, I think that I need to explain a little bit about how federal registration works. And I think, Judge Gould, this goes to your question that you asked my colleague. There's no such thing as a place to do federal sex offender registration. The place that federal sex offenders register is in the state that they live in. They separately might have a state duty to register because, of course, states have rules about their sex offenders as well. So the comments that, and I was a prosecutor in the district court, the comments that I made were related to that state sex offender registration and had nothing to do with the federal sex offender registration. And if you look at the context of the comments, you look at the context of the questions that Judge Navarro was asking, we were all talking about those state duties to register as a sex offender. But why would you be talking about that? Because, Your Honor, and so this is the thing that's a little bit, I guess, quirky about this case, is typically if you have a, let's say, child pornography or straight sex trafficking case under 18 United States Code 1591, those are delineated in the subsection of the definitions as mandatory registration under the Adam Walsh Act. So the state, to get any SORNA funding, has to also make those a registrable offense. So Ms. Daly would have to register for this Travel Act violation, because she's a federal sex offender, wherever she lives, any of the 50 states or territories, she'd have to actually register there. But she might not have to register under the laws of the state if the state is not compliant with the SORNA regulations. So what she cited in her reply brief, the document about whether Arizona was actually compliant or not, the local sheriff doesn't determine if she has to register as a federal sex offender. The local sheriff determines whether her federal conviction requires her to register under the laws of the state of Arizona. But I'm really confused now, because I think what you're saying is everyone understood that she would have a SORNA obligation as a matter of federal law. And if that's true, she had to register. And I don't understand why it would matter whether also she had a state law obligation. And, Your Honor, it's because she wasn't, let me back up. Part, when Ms. Daly was originally charged, she was charged with conspiracy to travel for the purposes of transportation or transportation for the purposes of prostitution, which is a registrable offense, mandated registrable offense, as well as the actual sex trafficking of minor. The benefit that she got vis-a-vis this plea agreement was she got to avoid the 10-year mandatory minimums that happened to come with those. So those statutes are delineated, and I'll note, Your Honor, that's at 34 United States Code 20911, subsection 5A3. It talks about the federal offenses, and it lists them. The Travel Act violation is not listed there. But if there was a federal obligation that everyone knew the court was about to apply, it doesn't matter, right? She has to register as a matter of federal law. She has to register as a matter of federal law. But the question comes down to, subsequently, in 5 years, 10 years, if she ultimately fails to register, can the state prosecute her or can only the federal government prosecute her? And that's what that notice was intended to give her notice of, is if you don't register, you're not only subjecting yourself to federal prosecution, but very likely also state prosecution. But I can't make a representation one way or another how the state is going to interpret this federal conviction. Mr. Verrani, I'm confused by something I've been reading in my notes, and perhaps you can clear this up. This morning, we were given what appears to be a photocopy of the mandatory conditions, which show that as to Condition 5, you must comply with the requirement of the Sex Offender Act. It's not checked off. Correct, Your Honor. Now, my notes indicate that the box next to that condition was checked by the district court, according to Daly's excerpts of Record 140 and Moore's excerpts of Record 3. I think that's the judgment form. That's the judgment form, but not this. And, Your Honor, I think I can explain this. And I think that this is part of the reason that I couldn't stipulate to that. I've never seen that document before. And I'll just note, as a matter of practice in the District of Nevada, the probation officer is sort of filling it out as we go along during sentencing. So the district court doesn't check it. The government doesn't check it. The probation officer is sort of filling it out. So the PSR had that condition checked in the first version of the PSR. The second version of the PSR had that mandatory condition checked. And the judgment that was ultimately signed by Judge Navarro also had that condition checked. Okay. So that is a discrepancy, but in the sense of it has no bearing one way or the other what the probation officer may or may not have handed her, because as a matter of law she has to register as a sex offender. Counsel, Judge Gould, if I could ask my question. Does the record in this case show any recidivist or repeat prostitution offense by Daly after the sentence? After the sentence was imposed, Your Honor? Yes. No, Your Honor, not after the sentence was imposed. So during the terms of probation, to the best of my knowledge, Ms. Daly has not had any violations of the conditions of her supervision. But, Your Honor, I think going to your question to my colleague about whether there was any indication that Ms. Or I believe maybe it might have been Judge Friedland's question about whether there's any indication that Ms. Daly might engage in this behavior again. Judge Navarro during sentencing specifically talked about how Ms. Daly convinced her best friend to prostitute to benefit both Ms. Daly as well as Mr. Moore. So this was not an isolated incident. Although Judge Navarro did give her a huge boon in giving her probation, especially considering that the government was asking for a custodial sentence. On top of the fact that she had already received a huge consideration by the fact that she had no tenure mandatory minimum that she was looking at, Ms. Daly did cause another individual to prostitute. That person happened to be an adult, and that was in Arizona. But as also reflected in the plea agreement, the minor victim in this case was not the only person that Ms. Daly brought to Las Vegas to prostitute. She brought another adult female with her to prostitute. So I would submit, Your Honor, that this is not an isolated incident where she's not a sexual predator that was, I guess, envisioned by the statute or by Congress passing the statute as broadly as possible to ensnare as many offenders against children as they could. Would the adult who was convinced have been a basis for the SORNA registration? Not under the terms of this plea agreement, Your Honor, because there's no indication in the plea agreement as to solicitation in prostitution, which I think arguably could go to that point. But I think that on this record, that would not be a sufficient basis for registration. And, Your Honors, unless you have any other questions for me, I'm happy to submit. Yes, thank you. No questions here. No questions. Thank you. Thank you. I would just ask that you dismiss this petition because she does have to register as a matter of law. Thank you. Your Honor, I would submit that Ms. Daly is not a sexual predator, and she shouldn't have to register as a sex offender when this was aberrant behavior, which the district court found, and she hasn't had any kind of repeat offense. And so she just doesn't fall within the scope of what SORNA was intended to target. She's not a child sex predator. And I would just like to point out that, in the record, Ms. Daly didn't know that her victim was underage, and so she didn't target her as a child to use her in prostitution. And so this is a one-off offense, and it seems like a very harsh punishment to have to register for the rest of your life under SORNA for a one-time offense. And so we would just say that, as a policy matter, it's unfair. Did the guilty plea admit to knowing that this was a minor? No. So that's not an element. Knowledge of the age is not a... No, and that's why we would submit that you need that element to fall within the scope of the residual clause. Otherwise, the residual clause is just bringing in all kinds of offenses that may not be offenses against children. You can envision a scenario where there's an offense that is committed against someone who may be of the age of consent, but because a minor is defined as someone who has not yet reached the age of 18, you have the potential of that offense being swept into the residual clause if you take a circumstance-specific approach. And so that's why we think that it's a reasonable construction for the attorney general to have of the residual clause to require there to be an element that is against a minor. Otherwise, you're just sweeping in all kinds of offenses. And we've been going back and forth about ambiguity, but we would submit that there is an ambiguity, and other courts have found ambiguity. I would point out the White case in the Tenth Circuit. The court there found the definition of sex offense to be ambiguous. This court has noted in Buhn that there's a modicum of ambiguity, and its best construction was to take a circumstance-specific approach. Ms. Gupta, you answered a question of Judge Friedland a moment ago. The guilty plea did not admit knowledge that the woman was a minor. I see here Daly's guilty plea, however, does contain an admission of the fact that the victim was a juvenile. But if you look at the PSR, and if you look at the plea colloquy, Ms. Daly, she doesn't say that she knew that she was a minor, but she does admit... Just a juvenile. Well, it does admit that she was a juvenile, but it doesn't admit that she knew that she was a juvenile, which is a little bit different. She admits that the victim was a juvenile, but she only learned that later? Is that the idea? Yes. She didn't know at the time that she was a juvenile. She believed that she was 20 years old. Let me check that out. All right. I have no further questions. Thank you, Your Honor. We would ask that you vacate Condition No. 5. Thank you. All right. The case of United States v. Daly is submitted for decision. And we'll turn to the last case on the calendar, which is McKibbin v. Knuth, if I pronounced that correctly.
judges: Gould, Bea, Friedland